# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PATTY DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 1622 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Wayne R. Andersen |
| DEPARTMENT OF DEFENSE, | ) | District Judge |
| DEPARTMENT OF THE NAVY, and | ) | |
| CALVIN ADAMS, individually and in | ) | |
| his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patty Daniels ("Daniels") brings this action against defendants the United States of America, the Department of Defense, the Department of the Navy (collectively, the "federal defendants"), and federal employee Calvin Adams ("Adams"), individually and in Adams' official capacity, alleging deprivations of Daniels' constitutional rights, intentional battery, assault, and negligence by Adams. The federal defendants now move to dismiss all of Daniels' claims, except her claim that Adams, in his individual capacity, violated her constitutional rights, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, that motion is granted.

## BACKGROUND

Daniels alleges that she suffered tortious injuries and violations of her constitutional rights when Navy Master-at-Arms Adams allegedly placed her in an "arm bar" and pushed her against a counter during an incident in the youth center at Great Lakes Naval Station. Specifically, Daniels alleges that on March 24, 2005, she was in the Youth Center at Great Lakes

Naval Station assisting police officer John Berg when Adams grabbed her left wrist with his left hand, came across with his left forearm to her upper arm, pulled her arm backward and upward, and then pressed her up against a counter while maintaining this "arm bar." Daniels alleges that as a consequence of this incident, her left arm and shoulder were injured and that she has experienced mental pain and suffering. At the time of this incident, Adams was acting within the scope of his employment as an employee of the United States.

On March 23, 2007, Daniels filed her five-count complaint against Adams, in his individual and official capacities, as well as the federal defendants. Count I alleges that Adams violated Daniels' rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1983, by wrongfully detaining Daniels and using excessive force. Count II alleges that the federal defendants violated Daniels' rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1983, because Adams' was acting within the scope of his employment with the United States. Counts III, IV, and V allege the common law torts of intentional battery, intentional assault, and negligence, respectively, by Adams. The federal defendants now move to dismiss all of Daniels' claims except for Daniels' claim in Count I that Adams, in his individual capacity, violated Daniels' constitutional rights.

## DISCUSSION

*A.     Legal Standard*

We will analyze the federal defendants' motion under Rule 12(b)(1) as it is dispositive of Daniels' claims against those defendants. The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *See Freiburger v. Emery Air Charter,* 795 F.

Supp. 253, 256 (N.D. Ill. 1992). If the motion merely challenges the sufficiency of the allegations of subject matter jurisdiction, then the court must accept as true all well-pled factual allegations and construe them favorably to the pleader. *Rueth v. United States EPA*, 13 F.3d 227, 229 (7th Cir. 1993). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to the relief requested. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

B.  *Daniels cannot maintain suit against Adams in Adams' official capacity for violations of Daniels' constitutional rights.*

In their motion to dismiss, the federal defendants argue that Daniels' claims in Count I against Adams in Adams' *official* capacity should be dismissed because claims against officers acting in official capacities are really claims against the United States and are thus barred by the doctrine of sovereign immunity. We agree. *Parson v. Aguirre*, 123 F.R.D. 293, 298 (N.D. Ill. 1988). Daniels argues that *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* allows a federal agent to be sued for constitutional torts. 403 U.S. 388 (1971). However, Daniels misunderstands who may be sued and in what capacity under *Bivens*. It is well settled that a suit against federal officers in their official capacities is a suit against the United States. *Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987). Further, in *F.D.I.C. v. Meyer,* the Supreme Court held that "official capacity" constitutional claims against individual federal employees are really claims against the United States and must be dismissed because the United States cannot be sued for constitutional torts absent a waiver. 510 U.S. 471, 485-86 (1994); *see also United States Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 743 (2004); *Bradshaw v. Mazurski*, No. 03 C 2074, 2004 U.S. Dist. LEXIS 454, at *10-11 (N.D. Ill. Jan. 13, 2004). Therefore, we grant the federal defendants' motion to dismiss Daniels' claims in Count I

3

against Adams in Adams' *official* capacity. The federal defendants have not moved to dismiss Daniels' claims in Count I against Adams in Adams' individual capacity.

C.     *Daniels cannot maintain her constitutional tort claims against the federal defendants.*

The federal defendants next argue that Count II should be dismissed because the United States cannot be sued for constitutional torts. As explained above, the federal defendants are correct that, under the doctrine of sovereign immunity, neither the United States nor its agencies can be sued for constitutional torts absent a waiver. *Meyer*, 510 U.S. at 485-86. Daniels argues that she is entitled to pursue her constitutional tort claims against the United States under the Federal Tort Claims Act. However, the Federal Tort Claims Act provides only a limited waiver to sovereign immunity for some suits against the United States that does not encompass constitutional tort claims. *See* 28 U.S.C. § 1346(b); *Meyer,* 510 U.S. at 477. Therefore, Daniels cannot pursue such claims under the Federal Tort Claims Act. Accordingly, Count II is dismissed.

D.     *Daniels cannot maintain her common law tort claims because she failed to present an administrative claim before filing suit.*

The federal defendants next argue that Counts III through V should be dismissed because Daniels failed to properly file an administrative claim with the appropriate federal agency before filing suit. Although Daniels has attempted to bring Counts III through V against all defendants, the only proper defendant with respect to these claims is the United States, but not its agencies. 28 U.S.C. §§ 1346(b), 2679; *Cross v. Fiscus*, 830 F.2d 755, 756 (7th Cir. 1987); *Steward v. United States*, 503 F. Supp. 59, 61 (N.D. Ill. 1980). Moreover, under the Federal Tort Claims Act, the United States is substituted as the defendant in place of Adams. 28 U.S.C. § 2679(d); 42 U.S.C. § 233.

4

The Federal Tort Claims Act is the exclusive jurisdictional basis for a common law tort claim against the United States or any federal employee acting within the scope of his office or employment. 28 U.S.C. §§ 1346(b), 2679(b)(1). Under this Act, no suit can be initiated against the United States until the plaintiff has first presented a claim to the appropriate federal agency and the agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106 (1993). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). In order to maintain a common law tort claim against the United States in this suit, Daniels was required to first present her claim to the Department of the Navy.

Daniels does not dispute that she failed to file an administrative claim prior to initiating this suit, but instead argues that a letter sent from Daniels' attorney to the Great Lakes Police Department, as well as conversations with the Navy regarding the incident with Adams, provided the United States with sufficient notice of Daniels' common law tort claims against it. We disagree. The Navy's regulations provide that a proper claim must be submitted via a written statement with the amount of the claim expressed in a sum certain and must describe in detail the facts and circumstances surrounding the incident from which the claim arose. 32 C.F.R. § 750.6(a). Moreover, a Standard Form 95 (Claim for Damage or Injury) must be used whenever practical for claims brought under the Federal Tort Claims Act. *Id.* If a letter or other written notification is used in lieu of a Standard Form 95, "it is essential that it set forth the same basic information required by the Standard Form 95." 32 C.F.R. § 750.26(c).

Here, the letter sent by Daniels' attorney to the Great Lakes Police Department failed to include the information required by a Standard Form 95. Specifically, the letter failed to include information about the extent and nature of Daniels' injuries, the place of incident, the names and addresses of witnesses, or the total amount of Daniels' claim expressed in a sum certain. Because Daniels' attorney sent this letter six months after Daniels' alleged incident with Adams, this information should have been readily available to Daniels. Further, Daniels' assertion that her attorney expressed a sum certain in telephone conversations with the Navy is insufficient under Navy regulations because that demand was never made in writing. *See* 32 C.F.R. § 750.6(a). Thus, Daniels failed to satisfy the administrative claim requirement under the Federal Tort Claims Act.

Daniels argues that the United States should be estopped from barring her claim for noncompliance with the Federal Tort Claims Act because the Navy failed to advise her generally of the Act's requirements or notify her that her attorney's letter did not constitute a proper claim. We disagree. The doctrine of estoppel does not aid plaintiffs who fail to research the requirements of bringing a suit in federal court. *See Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996). Moreover, in order for the doctrine of estoppel to apply against the government, there must be proof of an affirmative act by the government to misrepresent or mislead. *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Here, there is no evidence that the United States or any of its agencies or employees took any such affirmative action. Therefore, Daniels' equitable estoppel argument fails.

Daniels' final argument, that dismissing her common law tort claims would constitute a denial of due process, has no merit. Daniels was afforded the opportunity to present her

common law tort law claims to the appropriate federal agency but failed to do so.  Daniels cannot now maintain a due process claim when she failed to avail herself of the process that was available to her.  *See McCall v. United States*, 310 F.3d 984, 988 (7th Cir. 2002).

Because Daniels failed to satisfy the administrative claim requirement of the Federal Tort Claims Act, this court lacks jurisdiction over her common law tort claims against the United States.  Accordingly, Counts III through V are dismissed.

## **CONCLUSION**

For the foregoing reasons, defendant United States of America's partial motion to dismiss [18] is granted.  Daniels may proceed in this action only with her claim in Count I that Adams, in his individual capacity, violated Daniels' constitutional rights.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: May 9, 2008